EDOK Criminal Complaint (Revised 6/13)

# United States District Court
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff,*<br><br>v.<br><br>J.D. HOOPER Jr.,<br><br>    *Defendant.* | **CRIMINAL COMPLAINT**<br><br>Case No. 21-MJ-53-SPS |

  I, Elizabeth V. Pratt, the undersigned complainant, state that the following is true to the best of my knowledge and belief.

  Beginning on or about May 1, 2006 and continuing until on or about November 30, 2010, in the Eastern District of Oklahoma, in Indian Country, **J.D. HOOPER Jr.** committed the crime of Aggravated Sexual Abuse of a Child in Indian Country, in violation of Title 18, United States Code, Sections 1153 and 2241(a) and 2241(c).

  I further state that I am a Special Agent with the Federal Bureau of Investigation, and that this complaint is based on the following facts:

  (See attached Affidavit of Special Agent Elizabeth V. Pratt, which is attached hereto and made a part hereof by reference.)

☒  Continued on the attached sheet.

                    */s/ Elizabeth V. Pratt*
                    Elizabeth V. Pratt
                    Special Agent
                    Federal Bureau of Investigation
                    Complainant

Sworn to before me and subscribed in my presence at: MUSKOGEE, OKLAHOMA

Date: March 16, 2021

UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer            Signature of Judicial Officer



## AFFIDAVIT

1. I, Elizabeth V. Pratt, am a Special Agent with the FBI and have been since July of 2017. I am currently assigned to the Muskogee Resident Agency, Indian Country Crimes Squad in the Oklahoma City Division of the FBI. In the course of my duties as a Special Agent, I have investigated criminal violations related to Indian Country crimes, as explained in Title 18, United States Code, Section 1151 and as it pertains to the Major Crimes Act (MCA). Further, I have investigated transnational organized crime and complex white collar crime. During my employment with the FBI, I have gained experience through training in seminars, classes, and daily work related to conducting all of the aforementioned types of investigations.

2. As a federal agent, I am authorized to investigate violations of laws of the United States and am a law enforcement officer with the authority to execute warrants issued under the authority of the United States.

3. As your affiant, I have reviewed investigative reports from the County of Cherokee, Oklahoma Sheriff's Office for J.D. HOOPER Jr. (HOOPER) from the year 2011. Further, as your affiant I have reviewed Adair County, Oklahoma Case CF-2012-100, State of Oklahoma v J.D. Hooper, from April 16, 2012. Last, as your affiant I have reviewed the United States Supreme Court's Opinion re *McGirt v. Oklahoma* issued on July 9, 2020.

4. As your affiant, and having reviewed the aforementioned documentation, I have compiled a factual history below, which is predicated upon the investigative findings and Court rulings and opinions.

5. Therefore, I, Elizabeth V. Pratt, the undersigned complainant, state that the following is true to the best of my knowledge and belief.

6.  VENUE: the facts and circumstances alleged in this affidavit occurred within the Eastern District of Oklahoma. More specifically, the facts and circumstances occurred within the special maritime and territorial jurisdiction of the United States and in Indian Country, to wit the Cherokee Reservation.

7.  DEFENDANT: the defendant is J.D. HOOPER Jr. (HOOPER). For purposes of federal jurisdiction, HOOPER has some degree of Indian (Cherokee) blood, and was a citizen of the Cherokee Nation until he relinquished his citizenship on February 25, 2006.

8.  VICTIM: the victim is C.P. (DOB 06/06/96). For purposes of federal jurisdiction, C.P. is an Indian and is an enrolled member of the Cherokee Nation.

9.  OFFENSE: Between approximately May 2006 and November 2010, HOOPER engaged in sexual intercourse with C.P. by penetrating her vagina with his penis without C.P.'s consent. Between approximately May 2006 and November 2010, HOOPER also forced C.P. to perform oral sex on HOOPER without C.P.'s consent. HOOPER did this within the Eastern District of Oklahoma, within the special maritime and territorial jurisdiction of the United States and within Indian Country—the Cherokee Reservation.

10. BACKGROUND: HOOPER's partner was C.P.'s mother, D.P.. Beginning in 2006, HOOPER began forcing C.P. to have vaginal and oral sex with him almost every day. HOOPER told C.P. that he wanted to leave D.P., move to another state, and start a family with C.P.. C.P. described the following specific incidents:

- Approximately May 2006: toward the end of the school year, the first time HOOPER abused C.P.. HOOPER had gotten drunk from beer and tequila. D.P. had woken up and poured out HOOPER's drinks. When HOOPER saw his drinks were gone, he filled a pitcher with water and poured it over C.P.. HOOPER took C.P. outside and told her that he

2

wanted her, and that he was going to have sex with someone. HOOPER told C.P. she could do what he wanted and he would be nice, or he could make her. C.P. said she did not want to have sex with him, and HOOPER became angry and forcibly performed penetrative vaginal sex on C.P.. C.P. screamed and cried, and HOOPER told her to shut up. HOOPER let C.P. go back inside the house when the sun was coming up.

- The day after the first assault, HOOPER pulled C.P. into the bathroom and forced her to perform oral sex on him for approximately five minutes.
- Friday, January 1, 2009: HOOPER went to C.P.'s bed at approximately 1:00 AM, while D.P. was out at a New Year's Eve party, and forced C.P. to perform oral sex on him. After the oral sex, HOOPER got on top of C.P. and performed penetrative vaginal sex on her.
- Friday, October 29, 2009: HOOPER woke C.P. up at approximately 1:00 AM and told her that he did not like one of her friends, who was "a whore." When C.P. said she would continue being friends with the girl, HOOPER became angry, spit in C.P.'s face, and told her that she would not be friends with the girl anymore. HOOPER made C.P. lie down on her bed and forced her to perform oral sex on him.
- Thursday, May 6, 2010: C.P. returned home after school. HOOPER took C.P. into his bedroom and got on top of her and performed penetrative vaginal sex on her. HOOPER also forced C.P. to perform oral sex on him.
- Thursday, April 15, 2010: HOOPER woke C.P. up at approximately 1:30 AM, took her outside, and started talking to her about an upcoming school trip. HOOPER told C.P. she could attend the trip, but if she did the "interactions" between HOOPER and C.P. would end. C.P. wanted the interactions to end so she said she would attend the trip. HOOPER became angry and told C.P. she was not going to go, and that she was going to do what

HOOPER wanted. HOOPER made C.P. get on the ground and performed penetrative vaginal sex on her. HOOPER then told C.P. to go to bed, and HOOPER followed C.P. in and made C.P. perform oral sex on him.

Until approximately 2009, the family lived in Eldon, Oklahoma. HOOPER's pattern of abuse during this period was to wake C.P. up at approximately 1:00 AM every night, force her to perform oral sex on him, and then perform penetrative vaginal sex on her. From approximately 2009 to 2010, the family moved to Stilwell, and HOOPER's pattern of abuse changed to taking C.P. out of school almost every day, forcing her to perform sexual acts, then return C.P. to school. HOOPER would beat C.P., to include hitting her with a belt across the buttocks and forcing her to remove her top and bra and hitting her on the breast, if she refused to have sex with him. C.P. stated HOOPER would "beat me until I had sex with him."

11. HOOPER forced C.P.'s brother J.P. (DOB 09/16/1999) to sit or stand outside during snowy or hot weather conditions for extended durations of time as punishment, as observed by neighbors on an almost daily basis in Stilwell. On one occasion, HOOPER threw J.P. across a room, causing a lump on J.P.'s head. HOOPER told J.P. to say J.P. walked into a storm door if anyone asked J.P. about the injury.

12. In April 2010, D.P. found out about HOOPER's sexual abuse of C.P.. D.P. kicked HOOPER out of the home for approximately two (2) days, then allowed HOOPER to return and for the abuse to continue. If C.P. refused to have sex with HOOPER, D.P. would tell or even pay C.P. to do so. D.P. told C.P. that HOOPER loved C.P. because C.P. was a part of D.P.. On one occasion, HOOPER began performing sexual acts on C.P. and D.P. left the house, but returned later and stated that she did not want to be around when HOOPER was performing sexual acts on

C.P.. D.P. and HOOPER both lied to the Department of Human Services (DHS) on multiple occasions regarding the ongoing abuse of C.P. and J.P. in the home.

13. The facts presented in this affidavit are not a complete recitation of all of the facts known to law enforcement; rather, the affidavit is solely offered to establish probable cause for the crimes presented in this affidavit.

14. Based on a review of documents provided and personally obtained, and based on my knowledge and experience, I, as your Affiant have probable cause to believe J.D. HOOPER Jr has committed the offense of Aggravated Sexual Abuse of a Child in Indian Country, in violation of Title 18, United States Code, Sections 1153 and 2241(a) and 2241(c).

Respectfully submitted,

Elizabeth V. Pratt
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me this 16 day of March, 2021.

STEVEN P. SHREDER
United States Magistrate Judge
Eastern District of Oklahoma

5