# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>J.D. HOOPER, JR.,<br><br>Defendant. | Case No. CR-21-066-RAW |

## ORDER

The Defendant has been charged in this case with two counts of aggravated sexual abuse in Indian Country and two counts of sexual abuse of a minor in Indian Country. Now before the court is Defendant's motion to dismiss the indictment due to lack of subject matter jurisdiction [Docket No. 45], the Government's response thereto [Docket No. 48], and the Defendant's reply [Docket No. 49].

Acknowledging that he argued the opposite in state court resulting in the dismissal of his state court convictions based on the same allegations brought in this case, the Defendant first argues that the Supreme Court's decision in *McGirt v. Oklahoma*, 140 S.Ct. 2452 (2020), should not be applied retroactively and that Oklahoma thus retains exclusive jurisdiction over the crimes alleged in this case. The Oklahoma Court of Criminal Appeals has opined that *McGirt* announced a new procedural rule and held that *McGirt* should not be applied retroactively. *State ex rel. Matloff v. Wallace*, 497 P.3d 686 (Okla. Crim. App. 2021). The United States Supreme Court, however, declined to grant certiorari, *Parish v. Oklahoma*, 142 S.Ct. 757 (2022), and has not specifically ruled as to whether *McGirt* should be applied retroactively.

Meanwhile, *McGirt* routinely has been applied retroactively in state courts as they dismiss cases and in federal courts as they try these re-charged cases. As the Government points out, the State of Oklahoma and the United States are separate sovereigns. Moreover, while it generally does not apply retroactively on collateral review, "[a] new rule of criminal procedure applies to cases on *direct* review, even if the defendant's trial has already concluded." *Edwards v. Vannoy*, 141 S.Ct. 1547, 1553-54 (2021).

The Defendant also argues that the Major Crimes Act is unconstitutional and thus this court lacks jurisdiction. It is "undisputed that Congress has authority to criminalize sexual abuse of a minor in Indian country." *United States v. Carel*, 668 F.ed 1211, 1222 (10th Cir. 2011) (citing *United States v. Kagama*, 118 U.S. 375, 383-85 (1886)). "Indeed, the Supreme Court has expressly stated that 'Congress has undoubted constitutional power to prescribe a criminal code applicable in Indian country." *Id.* (citing *United States v. Antelope*, 430 U.S. 641, 648 (1977)). The Defendant acknowledges this precedent, but notes that he makes the argument so that he may raise the issue on direct appeal to the Supreme Court.

The Defendant's motion to dismiss the indictment [Docket No. 45] is hereby denied.

**IT IS SO ORDERED** this 16th day of May, 2022.

*Ronald A. White*
THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA